### SULLIVAN *vs.* JUDAH & WEED.

An injunction should, upon its face, contain sufficient to apprise the party, upon whom it is served, what he is restrained from doing; without the necessity of his resorting to the complainant's bill to ascertain what the injunction means.

A party will be in contempt, for a breach of an injunction, if the officer by whom the injunction was allowed acted within his powers and jurisdiction, under the rules of the court, although it was erroneously granted, and for an insufficient cause. But the court will take into consideration the fact that the injunction was erroneously granted, and without sufficient equity to sustain it, in determining the extent of the punishment to be imposed upon the party who has been guilty of a breach thereof.

Whenever the injunction will probably produce a serious loss or damage to the defendant, by the suspension of the proceedings enjoined, the officer allowing the injunction should require security from the complainant, under the last clause of the 31st rule, to pay such damage ; ar he should, at least, take the complainant's own bond.

May 6. THIS was an application for an attachment against the defendants, for a breach of an injunction. A cross motion was made for a dissolution of the injunction, which application was granted, upon the ground that there was no equity in the complainant's bill entitling him to an injunction. The defendant, Judah, was the proprietor of certain buildings,

which were being erected in the city of New-York, and the defendant Weed was employed in the erection thereof, under a contract to do the carpenter's work. The injunction, among other things, restrained the defendants from proceeding with the erection of the buildings in the bill of complaint mentioned and referred to, and from interfering in any manner with the work stipulated to be performed by the complainant, under the contract mentioned in the bill. But without any other description of the buildings, or the place where they were situated, or any other specification of the contract of the complainant for work, except by the reference to the bill on file. The defendant Weed had gone on with the carpenter's work, upon the buildings mentioned in the complainant's bill, notwithstanding the injunction; but both defendants denied that they had interfered with the mason work which the complainant had contracted to perform, except so far as was necessary to go on with such work to prevent the buildings from being injured. It was proved, however, by affidavits on the part of the complainant, that the defendant Judah, after the issuing of the injunction, directed the workmen to go on with the work on the buildings, and told them he would stand between them and all harm. The day after the issuing of the injunction, Judah conveyed all the buildings to other persons, as he alleged upon a bona fide sale thereof; and subsequent to that time, the work had gone on under the authority and direction of his grantees.

*D. Graham, jun.* for the complainant.

*Julius Rhoades,* for the defendants.

THE CHANCELLOR. There is no doubt in this case, that there has been a technical violation of the injunction, on the part of both defendants. The injunction was erroneous in not describing with sufficient certainty, on its face, the particular buildings with the erection of which the defendants were restrained from proceeding. The injunction should, in itself, contain sufficient to apprise the party upon whom it is served what he is restrained from doing; without the necessity of his

resorting to the complainant's bill on file, to ascertain what the injunction means. And if the defendants, in the present case, had not in fact known to what particular buildings the injunction related, they would have been excusable for proceeding, notwithstanding the injunction. It is evident, however, that they did understand, either from an examination of the records of the court, or otherwise, that the buildings described in the complainant's bill, were those which the defendant Judah was erecting in the city of New-York.

The injunction restrained the defendants, generally, from proceeding with the erection of the buildings, as well as from intermeddling with the work stipulated to be done by the complainant under his contract. The continuation of the carpenter's work by Weed, was therefore as much a breach of the injunction, as proceeding with the mason work would have been. And it is no answer to this application to say there was no allegation in the bill which could entitle the complainant to stay the defendants from going on with the carpenter's work. If that was a sufficient excuse, it would be equally applicable to the mason work; as this court has already decided that there was nothing in the complainant's bill which entitled him to an injunction restraining the defendants from proceeding with any of the work on these buildings. When an injunction has been granted by the proper officer, acting within his powers and jurisdiction under the rules of the court, the defendant, upon whom the same is served, must not be permitted to speculate upon what may be the decision of the court, upon the equity of the bill upon which the injunction has been allowed. In this case the master had the power to allow the injunction, as it did not appear from the bill that the injunction must necessarily produce great and irreparable injury to the defendants. It was one of those cases, however, in which, if there had been equity in the bill to support an injunction, the master should, in the exercise of a sound discretion, have required security from the complainant, under the last clause of the 31st rule, before he allowed the injunction. Such security should be required, or the complainant's own bond, at least, should be taken by the officer allowing the injunction, in all cases where the injunction will probably produce a serious loss or

1834.

Sullivan
v.
Judah.

damage to the defendant, by the mere suspension of the proceedings enjoined. (*See* 2 *Paige's R.* 116.) Although a party, however, is not to be permitted to violate an injunction with impunity, even if it has been erroneously issued, and without any sufficient cause to sustain it, yet the court may take that fact into consideration in determining the extent of punishment which is to be awarded against the defendant for a breach of such injunction. But the least that the court can do in such a case is to require the party, who has been guilty of a breach of the injunction, to pay to the adverse party the costs of the proceedings against him for the contempt. In this case it is evident the complainant has sustained no injury by the proceedings of the defendants, although they have proceeded in direct opposition to the injunction. . And the excuse offered by them is sufficient to prevent the imposition of any considerable fine, as a punishment for contemning the process of the court. Upon payment of the costs of this application, therefore, all further proceedings against them for the contempt will be stayed. But if they do not elect to pay such costs to the complainant, or his solicitor, and actually pay the same within ten days after service of a copy of the taxed bill on their solicitor, an attachment must issue against them, to answer for the alleged contempt ; the attachment to be bailable in the sum of $200, and returnable on some day in the next term of this court at New-York.