THE PEOPLE ex rel. ALBERT DAY, Respondents, *v.* JOHN H. BERGEN, Referee, etc., Appellant.

The duties of a referee appointed in a foreclosure suit to sell the mortgaged premises are ministerial in their nature. He cannot vary the judgment in prescribing the terms of sale, nor relieve himself thereby from the performance of his duties. If he pays over money in disregard of the directions in the judgment, he does so at his peril and in his own wrong.

If an order, within the jurisdiction of the court, is imprudently or erroneously granted, the remedy of the party aggrieved is by application to vacate it, or by appeal; it cannot be reviewed upon an application to punish for disobedience of it; so long as it remains in force it is the duty of all parties to obey it; so also if facts existed, at the time of the granting of the order, which would have authorized a modification thereof, but which were not then disclosed, or if such facts occur sub-

sequently, they will not avail as an excuse for not obeying the order; in the former case that should have been presented upon the application, in the latter they can only be used upon application to modify the order ; an order cannot be nullified or modified by indirection upon allegations in answer to an alleged contempt for disobedience thereof, nor is it a defence, in proceedings to punish for contempt, that an appeal has been taken from the order disobeyed. If the proceedings have not been stayed, the party has a right to take every step for the enforcement of his civil remedy, the same as if no appeal was taken.

It is no objection to an order, adjudging a party in contempt, that the court suspends final action for a period, to enable him to comply with the original order, or to perform any act as a substitute for such compliance ; it does not deprive the court of jurisdiction or prevent a final decision upon the merits, and the party cannot complain that an opportunity has been offered him to purge the alleged contempt.

Upon appeal from the order punishing for contempt, the party in contempt cannot have the benefit of a compliance with the suggestion of the court made upon such suspension of the final decision, where such compliance was not shown in the court below. If he has any claim founded upon such action to be absolved from the contempt, he should apply to that court for relief.

(Argued June 10, 1873 ; decided September 23, 1873.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term, adjudging defendant in contempt, etc.

In a judgment in a foreclosure suit, defendant was appointed referee to sell. The decree directed that, out of the moneys arising from such sale, after deducting the amount of fees and expenses on such sale, and any lien or liens upon said premises, so sold, at the time of such sale, for taxes, assessments or prior mortgages, the referee pay to the plaintiff or his attorney his costs, and the costs of a guardian *ad litem*, for an infant defendant, and then the amount reported due on the mortgage, etc. In the terms of sale was the following :

" 4th. All taxes, assessments and other incumbrances which, at the time of sale, are liens or incumbrances upon said premises, will be allowed by the referee out of the purchase-money ; provided the purchaser shall, previous to the delivery of the deed, produce to the referee proof of such liens and duplicate receipts for the payment thereof."

The relator bid off the premises for $7,600. He paid a prior mortgage upon the place amounting to $2,137.92, also $92.95 costs, in a suit to foreclose the same, and paid to the referee $4,947.56, and tendered to the referee $540.57, the balance claimed by him to be due, with interest, and demanded a deed, and that the referee pay off the taxes and assessments. The referee refused to accept or to deliver a deed, and to pay the assessments. There were assessments upon the place to the amount of $3,132.23, besides taxes.

On the 7th December, 1872, upon affidavits showing these facts, an order was obtained by relator, directing that said referee " do forthwith apply the purchase-money of the mortgaged premises mentioned in this action, paid to said referee by said Day, to the payment and discharge of all taxes and assessments upon the mortgaged premises mentioned in this action, which were due and payable thereon at the time of the sale of said premises by said referee to Albert Day ; and that said referee thereupon do execute and deliver to said Albert Day, the purchaser of said premises on the sale by said referee, or his assignee, a valid and sufficient deed of said premises, upon said Day tendering to said referee the balance due of said purchase-money of said premises, namely, $540.57, and upon the production to said referee of a certified copy of the satisfaction of the prior mortgage upon said premises paid by said Albert Day, mentioned in said affidavits."

On the 20th December, 1872, the relator, upon affidavits showing a compliance upon his part with said order, and that the referee refused to obey the same, moved that said referee be punished for contempt in disobeying the same. The referee, in his opposing affidavits, admitted the receipt of $5,488.03 from relator; alleged that he had paid over to plaintiff and the attorneys in the foreclosure suit $2,696.48, and that after deducting his fees there only remained in his hands $2,541.55, not enough to pay the assessments. He also alleged error in including, as payment,the costs paid by relator upon proceedings commenced for foreclosure of the prior mortgage. The court ordered " that said John H. Bergen, as

the said referee, do forthwith apply the purchase-money of the mortgaged premises in this action paid to said referee by said Albert Day, to the payment and discharge of all the taxes and assessments upon the mortgaged premises mentioned in this action and in the judgment therein dated March 7th, A. D. 1872, which were due and payable thereon at the time of the sale of said premises by said referee to said Albert Day under and pursuant to said judgment; and that said referee thereupon do execute and deliver to said Albert Day or his assignee a valid and sufficient deed of said premises upon said Day tendering to said referee the balance due of said purchase-money, namely, ninety-two dollars and ninety-five cents, and upon the production to said referee of certified bills of said taxes and assessments of the amount of the same due upon said premises at the time of the sale of said premises by said referee to said Albert Day, said bills to be certified in same manner as those presented to the court on said motion."

On the 4th January, 1873, the relator moved that the referee be punished for contempt, upon affidavit showing compliance by the relator with the provisions of the order last mentioned, and non-compliance by the referee. The referee also moved for a stay of proceedings upon affidavits showing that he had appealed from the order of December 20, 1872. In this affidavit he alleged that he paid over the money to plaintiff in the presence of and with the knowledge and assent of Day. It was ordered " that said motions be held under advisement on condition that the referee do forthwith pay into court the balance of purchase-money in his hands to the credit of this action, and that he do forthwith deliver to said Day a proper deed of said premises." On the 21st January, 1873, the order appealed from was granted, by which it was " considered and adjudged that the said John H. Bergen has been and is guilty of the misconduct alleged against him in this proceeding, in having willfully disobeyed the said order of the 20th day of December, A. D. 1872, by failing to apply the purchase-money of said premises to the payment and discharge of all of the taxes and

assessments upon said premises, pursuant to said judgment, which were due and payable thereon at the time of the sale of the same by said Bergen, as referee as aforesaid, to said Albert Day, and that such misconduct was calculated to and did actually defeat, impair, impede and prejudice the rights and remedies of said Albert Day in this proceeding, as the purchaser of said premises, and that the said Albert Day has by reason of the said misconduct been put to a large amount of costs and expenses, to wit: the sum of $150. And it is further considered and adjudged that a fine of $150 be and the same is hereby imposed upon the said John H. Bergen for his said misconduct, and that said fine be paid over by said Bergen to said Albert Day or his attorney to satisfy his costs and expenses."

" And it is further ordered that the said John H. Bergen be and he is hereby directed to stand committed to the common jail of the county of Kings, there to remain charged upon said contempt until he apply the purchase-money aforesaid to the payment of all of said taxes and assessments upon said premises, and until the fine imposed as aforesaid, unless he shall be sooner discharged by the court. And that a warrant issue to carry this order into effect." Attached to the record was an affidavit of Bergen, verified January 25, 1873, showing a compliance with the order of January 4, 1873, by a deposit of the money in his hands and delivery of deed.

*Samuel Hand* for the appellant. The order of December 20, 1872, contravened the judgment and contract of sale, and could form no foundation for proceedings in contempt for disobedience of it. (*Stone* v. *Brown,* Viner's Abr., D. 14.) The terms of sale were the agreement of purchase, and the purchaser must complete his purchase according to his agreement. (*McGown* v. *Wilkins,* 1 Paige, 120; *In re Browning,* 2 id., 64; *Brasher* v. *Cortlandt,* 2 J. Ch., 505; *Alvord* v. *Beach,* 5 Abb. Pr., 451; *Caget* v. *Hubbell,* 36 N. Y., 677; *Spring* v. *Sandford,* 7 id., 550; *Conklin* v. *Hall,* 2 Barb. Ch.,

156; Barb. Ch. Pr., 527, 528.) Where land is sold by a master without warranty, it is at the risk of the purchaser. (*Banks* v. *Wilkins*, 3 Barb. Ch., 438; *McGown* v. *Wilkins*, 1 Paige, 120.) Where a purchaser who has bought property upon false representations, and, being undeceived, is guilty of negligence and improper conduct, he cannot be relieved. (*Farnham* v. *Colton*, Clarke, 35; *Am. Ins. Co.* v. *Oakley*, 9 Paige, 259.) The referee's affidavit contravening the allegations as to the contempt discharged the contempt. (Viner's Abr., Contempt, D. 12.)

ALLEN, J. The duties of the defendant, as referee for sale of the mortgaged premises under the judgment of foreclosure, were ministerial in their character. The duty of the referee was to sell the premises to the highest bidder, and after receiving the purchase-money to pay therefrom his own fees and expenses on such sale, and then all liens upon said premises existing at the time of the sale "for taxes, assessments or prior mortgages," and from the residue pay the costs awarded to the several parties and the amount reported due the plaintiff, with the interest thereon, or so much thereof as the purchase-money of the premises would pay of the same. Such are the plain directions of the judgment; and if, without or before paying the prior liens, he has paid the plaintiff and the other parties the amounts awarded to them, he has done so at his peril and in his own wrong. The terms of the sale could not vary the judgment or relieve the referee from the performance of his duties; they did not assume to do so in this case. The fourth clause of the terms of sale permit the purchaser to substitute the evidence of the payment of prior liens for money, *pro tanto*, in his settlement with the referee and payment of the purchase-price; but if the purchaser elects to pay the money, take his deed and hold the referee to the proper execution of the judgment, he may do so. It is true that here the purchaser did not assume this position, and it is now objected that the referee had no sufficient evidence of the prior mortgage or its pay-

ment by the relator. The answer to this is that the existence and validity of the mortgage, or its actual payment, are not controverted, and the objection to the sufficiency of the evidence of either fact was not taken at the time of the tender of the balance of the purchase-money and the demand of the deed. The relator does not claim to have paid the lien by taxes and assessments, and they are to be ascertained and paid by the referee.

The order of the 20th of December, 1872, was in accordance with and in execution of the judgment under which the premises were sold, and was within the jurisdiction of the court. If it was improvidently or erroneously granted, the remedy of the party aggrieved was by application to vacate it, or by appeal. It is not void, and it cannot be reviewed upon an application to punish for a disobedience of it. So long as it remains in force the duty of all parties is to obey it, and the merits of the order are not reviewable. (*People* v. *Sturtevant*, 5 Seld., 263; *Sullivan* v. *Judah*, 4 Paige, 444; *Higbie* v. *Edgarton*, 3 id., 253.) Neither is it a defence in proceedings to punish for a contempt that an appeal has been taken from the order. If the proceedings have not been stayed, the party has a right to take every step for the enforcement of his civil remedy that he might if no appeal was taken. In this case the proceedings are not stayed, but the relator has, by express permission of the court, the privilege of making such application under the order as his counsel may advise.

It is no objection to the order of the Special Term adjudging the defendant in contempt that the court suspended final action for a brief period to enable the defendant to comply with the original order, or perform any act as a substitute for such compliance. That was an act of grace to the defendant, which did not deprive the court of jurisdiction or prevent a final decision of the motion upon the merits. The defendant cannot complain that an opportunity was given him to purge the alleged contempt. The disobedience of the order was clearly established, and if there was any disability on the part of the defendant to comply with the order, it was the

result of his own act in disregarding the terms and directions of the judgment, and he cannot avail himself of his own acts to justify a disobedience of the orders of the court of which he was an officer.

An affidavit is annexed to the record, but which, in the nature of things, can make no part of the return to the appeal, to the effect that after the making of the order at Special Term, which is the subject of the appeal, the defendant did comply with the suggestion of the court made upon suspending the final decision. If this were so, and the defendant had any claim, founded upon such action, to be absolved from the contempt, he should have applied for relief to the court. He cannot have the benefit of such action upon an appeal from the order punishing him for contempt. That must be disposed of upon the papers before the court below.

The order must be affirmed.

All concur, except CHURCH, Ch. J., and RAPALLO, J., not voting.

A motion was subsequently made for a reargument, which was decided December 23, 1873; ALLEN, J., writing the following opinion.—REP.

ALLEN, J. The notice of motion does not comply with the rule by specifying the grounds upon which a reargument is asked. But passing that, no good reason is shown in the printed brief submitted for granting the application. The main point decided by this court in affirming the order appealed from was that the merits of the order, for disobedience to which the proceedings were had, were not reviewable upon an application to punish the disobedience. It is possible that injustice may have been done to the appellant. If this be so, it is in part, if not wholly, because the facts now claimed to be material have not been brought to the attention of the court in a way and at a time to make them available in defence of the various applications that have been made and which have culminated in these proceedings against the

very respectable and intelligent referee, who is in a situation in which he may suffer loss. For instance, the very important fact now alleged, that the referee has paid the amount due the plaintiff upon the mortgage foreclosed in the action in the presence of Day, the purchaser, and with his knowledge and express consent, was not alleged by affidavit or made known to the court prior to the order of the 20th of December, 1872, the order upon the merits, which is the subject of the principal appeal and the foundation of all subsequent proceedings now under review, but was stated in an affidavit in defence of the motion to punish for disobedience of that order, and verified on the 4th of January, 1873. The affidavit does not state when that payment was made; but, waiving all criticism, the fact stated, that the payment was with the consent of Day, if it occurred before the order of December, should have been used as an answer *pro tanto* to the application then made, and could not avail as an excuse for not obeying the order, and in answer to the proceedings for contempt. If it occurred after the order of December, the fact would have authorized a modification of that order on an application for that purpose. The order could not be nullified or modified by indirection, and informally, upon the allegation of the payment, in answer to the alleged contempt. So the affidavit of 25th of January, 1873, alleged to have been before the General Term on the hearing of this appeal, was not a part of the papers upon which the appeal was heard and decided. The facts stated could only avail upon an application to the favor of the court for relief, and if the appellant was misled by the order of the fourth of January, or did substantially and in good faith comply with it as soon as he could do so, although somewhat out of time, he could have made a meritorious case for relief.

The remedy of the appellant, if any he has, is not by a reargument of the appeal in this court, but upon affidavits stating clearly and with precision the history of the proceedings, and upon an application to the Supreme Court, to which all persons in interest, including the plaintiff, who, it

is claimed, has been paid his mortgage debt prematurely, shall be made parties, and have a hearing for such relief and such order and direction in the premises as shall be just. It is not intended to intimate that any other or different orders should be made than have been made, but merely to say that the whole subject is within the control and subject to the direction of the Supreme Court.

A motion for reargument is denied.

All concur.

Motion denied.