THE GERMAN SAVINGS BANK IN THE CITY OF NEW YORK, Respondent, *v.* AGATHE HABEL et al., Appellants.

Defendant commenced an action in the Marine Court of New York city against plaintiff to recover a deposit, which was also claimed by another party. In that action costs of appeal from an order had been awarded defendant. Plaintiff thereupon commenced this action for an interpleader, and procured a temporary injunction restraining defendant, her attorneys, etc., from further prosecuting or carrying on the former action, or from taking any steps to recover said deposit. Defendants' attorney thereafter issued a precept for the collection of the costs. In proceedings to punish said attorney for contempt, *held*, that the injunction did not prohibit the collection of the costs, and that the attorney was justified in issuing the precept.

(Argued February 24, 1880; decided March 2, 1880.)

APPEAL from order of the General Term of the Superior Court of the City of New York, affirming an order of Special Term, which adjudged the attorney for defendant, Habel, to be in contempt for violating an injunction herein, and imposing costs upon him.

An action was commenced in the Marine Court by the defendant, Agathe Habel, against the plaintiffs, to recover a deposit of $400. The bank disputing her title to the fund in question made a motion in the Marine Court to interplead Henry Gunther, the executor of Carl Habel, who also claimed the fund. This motion was granted to a certain extent. An appeal to the General Term of the Marine Court was taken by Mrs. Habel, and on the 15th day of October, 1878, the General Term made an order reversing the decision of the court below, and $29.85 costs were awarded to Mrs. Habel upon said appeal. The bank thereafter, on October 26, 1878, commenced this action for an interpleader, and obtained therein a preliminary injunction by which the defendants and their attorneys were "enjoined and restrained from bringing, or further prosecuting, or carrying on any action, including said action in the Marine

Court, or from taking any steps or proceedings to recover the sum of $400 deposited with the plaintiff by the defendant's deceased husband until further order of the court:" The preliminary injunction recites the fact that it appears from the complaint that Mrs. Habel had commenced the suit in the Marine Court for the recovery of moneys which are also claimed by the executor; that the plaintiff, the bank, does not know who the true owner is, and has deposited in court $418.19, the sum claimed and interest; but the $29.85 costs are not recited or in any manner referred to. The injunction was continued after trial. On the 15th day of March, 1879, the defendants' attorney issued a precept for the collection of the costs and disbursements awarded by the General Term of the Marine Court, and plaintiff thereupon moved to punish the attorney for contempt, and for a stay of proceedings under the precept. The court granted the motion, stayed the proceedings of the sheriff upon the precept, and awarded ten dollars costs to be paid by defendants' attorney.

*Samuel Hand*, for appellants. The motion to punish for contempt being a penal proceeding, to sustain it, a violation of the spirit of the injunction must be strictly proved. (*Weeks* v. *Smith*, 3 Abb. Pr., 211; *Potter* v. *Lord*, 16 How. Pr., 519.) The injunction did not, in terms, prohibit the collection of the costs awarded; Mrs. Habel had the right to collect them, and her attorney was bound to issue the precept therefor, even if upon the facts and the papers before the court, plaintiff were clearly entitled to restrain the collection of them. (*McKelsey* v. *Lewis*, 3 Abb. [N. C.], 61; *Watson* v. *Fitzsimmons*, 5 Duer, 629.) As the design of the action and clearly expressed intention of the injunction was to restrain the interference with the fund on deposit, it would be a perversion of language, to say that the collection of costs on appeal from an order was an attempt at interference with this fund. (*People* v. *Randal*, 73 N. Y., 422; *Clark* v. *Clark*, 25 Barb., 76; *Laurie* v. *Laurie*, 8 Paige,

234; *McCreary* v. *Lemor*, 4 id., 378; *Lansing* v. *Ediston*, 7 id., 364; *Foster* v. *Townsend*, 2 Abb. [N. C.], 29.)

*Lewis Saunders*, for respondent.

*Per Curiam.* The injunction clause in the order did not prohibit the collection of the costs awarded, but the prosecution of the action, or any steps to recover the $400 on deposit in the name of Habel.

Under these circumstances, the costs were collectible and the attorney was justified in issuing the precept. If it had been intended to prevent the collection of the costs, the order should have been broad enough to cover them. That it was not so intended, is shown by the fact sworn to at folio twenty-nine, that the costs became due, and an execution could have been issued for their collection before this action was commenced, and that the omission to do so was casual.

The orders of the Special and General Terms should be reversed and motion denied, with $10 costs of opposing motion and costs of appeal to the General Term and to this court.

All concur.

Ordered accordingly.