POROUS PLASTER CO. OF SING SING *v.* SEABURY *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

INJUNCTION—TO RESTRAIN USE OF CERTAIN NAME ON MANUFACTURED ARTICLES—ADVERTISING BY SUCH NAME.

An advertisement of plasters manufactured and sold by defendant, as "Benson's Porous Plasters; Benson's Capcine Porous Plasters; Benson's Plasters, the Best Porous Plaster,"—does not violate an injunction restraining defendants from using the word "Porous" by affixing or applying it to any plasters manufactured, shipped, sold, or supplied by them, or to the boxes in which they are put up.

Appeal from special term, New York county.

George J. Seabury, impleaded with one Johnson, was at special term adjudged guilty of contempt of court. From the order made in the case he appealed.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*R. A. Pryor,* for appellants. *Philo Chase,* for respondent.

BRADY, J. The injunction granted in this case, the substance of which was embodied in the judgment entered on the 6th of January, 1875, was to the effect that the defendants, Seabury and Johnson, were enjoined from infringing the plaintiff's trade-marks, "Allcock's India-Rubber Porous Plasters," and from the use of the words "Allcock's India-Rubber Porous," or either of them. They are perpetually enjoined from affixing or applying, or causing to be affixed or applied, to any plasters manufactured, sold, shipped, or supplied by them, or to the boxes in which the same are put up, the plaintiff's trade-mark words, viz., "Allcock's India-Rubber Porous," or either of said words, or any imitation thereof, as the whole or any part of the name or designation of such plasters so manufactured, sold, shipped, or supplied by them, said defendants, their servants, agents, or either of them, and they, the said defendants, their servants, agents, and each of them, are hereby further perpetually enjoined and restrained from affixing or applying, or causing to be affixed or applied, to any plasters manufactured, sold, shipped, or supplied by them, or to the boxes in which the same are put up, any of the trade-marks or labels described and set forth in the plaintiff's complaint herein as being used by the plaintiff, or any of the trade-marks or labels described and set forth in said complaint as being used by the defendants in imitation of the plaintiff's said trade-marks and labels; and the said defendants, their servants and agents, and each of them, are further perpetually enjoined and restrained from affixing or applying, or causing to be affixed or applied, to any plaster manufactured, sold, shipped, or supplied by them, said defendants, their servants, agents, or either of them, any trade-marks or labels whatever, in violation of the plaintiff's trade-marks and labels named in said complaint. The parties stipulated, for the purposes of this appeal, that the defendant Seabury had manufactured and sold certain plasters which he had advertised as follows: "Benson's Porous Plasters, Benson's Capcine Porous Plasters; Benson's Plasters, the Best Porous Plaster,"—in newspapers, cards, circulars, catalogues, etc.; and it is for this supposed violation of the injunction, and this only, that the defendants were proceeded against. In the view that is taken of this appeal, it will not be necessary to consider in detail any other question than that arising from the use made of the word "Porous" in the mode suggested. It may be assumed that all the preliminaries necessary to put the defendants upon their defense have been fully complied with. There is no pretense that the prohibited words have been employed in any other way than in the modes of advertisement already mentioned, and therefore that none of them was applied or affixed to the plasters, or any of them, or boxes or wrappers containing or covering them.

The judgment enjoins the defendants, as we have seen, from affixing or applying, or causing to be applied, any of the words mentioned to any plasters manufactured, shipped, sold, or supplied by them, or to the boxes in which the same are put up; and this seems to be the extent of the prohibition, although repeated, and in different forms, in the judgment. It embraces an application or affixing to the plasters or labels upon them, or the appliances in which they may be sold, boxes or wrappers, so that the plaster shall not be immediately identified with the word prohibited, and thus, in the purchase or sale or wrapping or boxing up or delivering, be held out as a plaster like, or in imitation of, the plaintiffs; and that is all the pleader had in contemplation when the judgment was prepared. Indeed, it may be doubtful whether, if the prohibition against advertising were asked as a part of the judgment, it

would have been inserted. The devices by which attention might be drawn to a plaster porous in fact, and so seen to be on exhibition, although no such designation then and there appeared, were not anticipated, or, if thought of, were not included in the judgment or provided against. It seems to be well settled that, in order to punish for a violation of an injunction, the act complained of must be clearly embraced within the inhibited acts. *Bank* v. *Habel*, 58 How. Pr. 336. It has been said: "As the defendant is bound to obey the process of the court at his peril, the language of the injunction should be so clear and explicit that an unlearned man can understand its meaning without the necessity of employing counsel to save him from subjecting himself to punishment for a breach of the injunction." *Laurie* v. *Laurie*, 9 Paige, 235; *Sullivan* v. *Judah*, 4 Paige, 444. And, again, that, to sustain a proceeding for contempt, the order should be clear and explicit in its terms. *In re Cary*, 10 Fed. Rep. 625, 626. And also that a writ of injunction ought to be sufficiently explicit upon its face, by defining the property or matter enjoined, so that a party may be clearly advised of what he is not to do. *Moat* v. *Holbein*, 2 Edw. Ch. 188; *Clark* v. *Clark*, 25 Barb. 76. And, further, that if the order disobeyed be capable of a construction consistent with the innocence of the party of any intentional disrespect to the court, an attachment should not be granted. *Weeks* v. *Smith*, 3 Abb. Pr. 211. And, again: "The injunction must clearly specify all the acts which the defendant is restrained from doing; and the circumstance of the vagueness of the injunction is to be taken into consideration in any proceedings to punish a defendant for the violation of its provisions." *Lyon* v. *Botchford*, 25 Hun, 58. Applying these principles, the order appealed from cannot be sustained, inasmuch as it does not clearly appear that the use of the words mentioned, or any of them, in advertising, was prohibited. The effect of such a procedure is to announce the manufacture, but not to designate the plaster, by name applied or affixed, a "porous plaster."

For these reasons the order appealed from is reversed, but without costs.

VAN BRUNT, P. J., and DANIELS, J., concurring.