THE PRINCE MANUFACTURING COMPANY, RESPONDENT, *v.* PRINCE'S METALLIC PAINT COMPANY, APPELLANT.

*The Supreme Court may punish as a contempt the violations of an injunction order issued in an action between two non-resident corporations — it may do so even when the act, adjudged to be a contempt, was committed in another State.*

Upon an appeal from an order adjudging the defendant to be guilty of contempt for having violated an injunction order, issued in an action between two non-resident corporations to prevent the use of a trade-mark claimed by each of the parties, it appeared that the acts, which were held to constitute a violation of the injunction, consisted of a sale of paint to a firm at Troy, N. Y., another sale to a firm in Boston, and in having affixed the trade-mark to two car loads of paint at a place in Pennsylvania.

*Held,* that as the court had acquired jurisdiction of the parties and the subject-matter of the action, and had restrained the defendant from doing certain acts mentioned in the injunction order, the fact that the parties were non-resident corporations did not prevent it from punishing the defendant for its violation of such injunction.

The injunction prohibited the use of the name "Prince" to designate or describe any article of paint now or hereafter manufactured, or sold or advertised, or

exposed for sale by them, or either of them, and from inserting in the papers advertisements denying the right of the plaintiff to the use of the designation "Prince's Metallic Paint."

*Held*, that the claim made by the defendant that the affixing of the trade-mark to the cars of paint in Pennsylvania was not a violation of the injunction, could not be sustained.

*Porous Plaster Company* v. *Seabury* (1 N. Y. Supp., 134) distinguished.

APPEAL from an order made at a Special Term of the Supreme Court, adjudging the defendant guilty of a contempt in violating a preliminary injunction, which was entered in the office of the clerk of the city and county of New York on October 19, 1888.

*John Frankenheimer*, for the appellant.

*J. Davenport*, for the respondent.

BRADY, J.:

The parties to this action are non-resident corporations. The action was brought to prevent the use of a trade-mark, the title to which is claimed by both parties. The preliminary injunction having been granted, it is to be assumed that the court had acquired jurisdiction of the parties and the subject-matter. Indeed, there is no question about that circumstance. The asserted violation of the injunction which was held by the court below to have been committed, was a sale of paint to L. Burton & Co., at Troy, New York; another to J. S. Briggs & Co., in Boston, and affixing the trade-mark to two car-loads of paint at Lehigh Gap, in Pennsylvania. It seems to be established by the evidence that the sale to Burton & Co. was made in this State; and, assuming that the other sale and the affixing of the trade-mark mentioned were done in the States of Massachusetts and Pennsylvania, there is sufficient to justify the order declaring the injunction violated. Indeed, the real question in controversy between the parties, and the only one which it is necessary to consider, is whether, the parties being non-residents, the court has jurisdiction to punish for a violation of the injunction granted. There can be no doubt that the courts of this State have general equitable jurisdiction, and can enjoin parties to a suit pending before it from bringing an action against the adverse party for the same subject-matter in a foreign court. It is the duty of

the court to exercise this power, upon the presentation of a proper case, when it can be done consistently with the acknowledged practice in courts of equity. This power has been exercised for more than two hundred years. (*Great Falls Mfg. Co.* v. *Worster*, 23 N. H. [Foster], 462.) See, also, Wait's Practice (vol. 2, p. 44), where the cases bearing upon this proposition are collated. The court having acquired jurisdiction of the parties and of the subject-matter, and having, in the exercise of its jurisdiction, restrained the defendant from doing certain acts mentioned in the injunction order, there can be no doubt that, in reference to that order, as long as it exists, the court has jurisdiction to punish the defendant for a violation of its provisions.

The power to be thus employed is kindred to that by which the court may restrain the commencement of an action in a foreign court, and must necessarily exist in order to carry out the authority which the court acquires by the proper commencement of an action bringing the parties within its jurisdiction. If any other rule prevailed, the parties, by a mere change of residence, in an action so commenced, could avoid the responsibilities entailed upon them by the exercise of existing and undoubted jurisdiction.

The proposition that the affixing of the trade-mark to the cars of paint at Lehigh Gap was not a violation of the injunction order, as illustrated by the case of the *Porous Plaster Company* v. *Seabury* (1 N. Y. Supplement, 134), is erroneous. The language of the injunction here is broader than in that case, and expressly prohibits "the use of the name 'Prince' to designate or describe any article of paint now or hereafter manufactured, or sold, or advertised, or exposed for sale by them or either of them, and from inserting in the papers, advertisements denying the right of the plaintiff to the use of the designation 'Prince's Metallic Paint.'" Therefore, the case cited is not controlling. Indeed, it may be said to have no application whatever to the facts developed in this case. It is objected, also, that the injunction order is not sufficient for the reason that it does not declare the conduct of the defendant to be such as to defeat, impair, impede or prejudice a right or remedy of the plaintiff. But this is not necessary, as determined in the case of *Fischer* v. *Langbein* (103 N. Y., 84), where it was decided that if the papers upon which the order rested contained facts showing that such would be the result,

it would be sufficient; and that it was not necessary to recite the words of the statute *ipsissimis verbis.*

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.