FIRST CITIZENS BANK AND TRUST COMPANY OF UTICA, Plaintiff, *v.* RUTGER DEVELOPMENT CORPORATION and Others, Defendants.

Supreme Court, Oneida County, August 11, 1932.

*Dunmore, Ferris & Burgess* [*Thayer Burgess* of counsel], for the plaintiff.

*James & Leo O. Coupe* [*Leo O. Coupe* of counsel], for the defendant St. Vincent's Industrial School of Utica.

DOWLING, J.   November 10, 1926, defendant Rutger Development Corporation executed a mortgage to the Citizens Trust Company of Utica, N. Y., in the amount of $25,000, payable one year from date, with interest at six per cent.   Said mortgage was given to secure the payment of a bond of even tenor.

On the 14th of November, 1931, the plaintiff merged the Citizens Trust Company and became the owner and holder of said mortgage.

The mortgagor defaulted upon said bond and this action was instituted to foreclose said mortgage. The complaint alleges: " 9. Upon information and belief that the People of the State of New York have a lien or liens on the mortgaged premises for corporation or franchise taxes accruing under the Tax Law against the defendant, Rutger Development Corporation, which lien or liens, if any, have accrued subsequently to and are subject and subordinate to the lien of the mortgage herein sought to be foreclosed. That the People of the State of New York are made a party defendant herein for no other reason than the lien of such corporation or franchise taxes."

All of the defendants defaulted except the defendant St. Vincent's Industrial School of Utica, N. Y., which interposed the following answer: " The defendant St. Vincent Industrial School of Utica, N. Y., answering the plaintiff's complaint herein,

" Denies any knowledge, information or belief that the People of the State of New York have a lien or liens on the mortgaged premises for corporate or franchise taxes accruing under the Tax Law, upon the premises described in the complaint or any part thereof, and this defendant avers upon information and belief that the People of the State of New York have no lien or claims upon the premises described in the complaint or any part thereof for corporation or franchise tax accruing under the Tax Laws of the State of New York or otherwise.

" This defendant demands judgment that it be adjudged that the People of the State of New York have no lien or claim for franchise or corporate taxes accruing under the Tax Laws of the State of New York, or otherwise, against the premises described in the complaint or any part thereof."

The plaintiff moves to strike-out said answer as frivolous and for an order appointing a referee to compute the amount due.

At the time said mortgage was given, section 182 of the Tax Law of the State of New York (as amd. by Laws of 1926, chap. 674) provided: " For the privilege of exercising its corporate franchise or of holding property in this State every domestic corporation, * * * shall pay annually, in advance, an annual tax to be computed upon the basis of the amount of its capital stock within this State during the preceding year, and upon each dollar of such amount. * * * "

From the answering affidavits it appears that said Rutger Development Corporation failed to file any reports for the years 1926–1931, inclusive, and during said period has paid no franchise tax to the State of New York.

Defendant St. Vincent's Industrial School maintains that it is the owner of a second mortgage on the premises described in the complaint in the amount of $5,000; that franchise taxes are due and unpaid for the period aforesaid, and that said taxes are not liens upon the prcperty in question (see answer), but that it cannot safely bid upon a sale of the premises unless it shall know definitely whether said taxes are liens having priority over said mortgages and the amount thereof including the penalties to be imposed thereon, if any. It has, therefore, interposed the above defense.

In 1925, section 197 of the Tax Law was amended (Laws of 1925, chap. 321), effective April second of that year, as follows: " But the lien of each such tax or additional tax shall be subject to the lien of any mortgage indebtedness existing against real property previous to the time when the tax or additional tax is due and payable and where such mortgage indebtedness has been incurred in good faith and was not given, directly or indirectly, to any officer or stockholder of the corporation owning such real property, whether as a purchase money mortgage or otherwise." Prior to such amendment, an unpaid franchise tax lien apparently took preference over an existing mortgage.

In 1932 said section was further amended (Laws of 1932, chap. 334) as follows: " In any action to foreclose any such mortgage, to which the People of the State of New York shall have been made a party defendant by reason of any such tax lien, such real property shall be sold and conveyed in such action free from any such tax lien accruing subsequent to the commencement of such action, * * *."

At the time the mortgage in question was executed, a tax imposed by section 182 of the Tax Law was payable on or before the fifteenth day of January, each year, as provided in section 197 of the Tax Law. This being the case, the franchise tax for the year 1926 was payable prior to the execution of plaintiff's mortgage and may be a prior lien.

Section 1087 of the Civil Practice Act provides: " Where a judgment rendered in an action to foreclose a mortgage upon real property directs a sale of the real property, the officer making the sale must pay out of the proceeds, unless the judgment otherwise directs, all taxes, assessments and water rates which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments or water rates which have not apparently become absolute. The sums necessary to make those payments and redemptions are deemed expenses of the sale within the meaning of that expression as used in any provision of this article." To the same effect is rule 259 of the Rules of Civil Practice. Under this section the referee appointed to make

the sale has a duty, if so directed in the judgment, to ascertain and pay all taxes which are liens upon the property and to redeem the property, if sold, from any unpaid taxes, etc. This being the case, the referee would be empowered, if in doubt as to the validity of any tax, to inquire into same. Moreover, the purchaser has the burden of producing before the referee proof of outstanding tax liens and, if the referee is in doubt as to the validity of any such lien, he may apply to the court for instruction. (*People ex rel. Day* v. *Bergen,* 53 N. Y. 404, 410; *Easton* v. *Pickersgill,* 55 id. 310, 315, 318.)

Rule 256 confers no power upon a referee to compute to inquire into the subject of tax liens. It is not necessary now to decide the status of franchise taxes accruing subsequent to the mortgage and before the commencement of this action. The referee to sell will pass upon that question when the time comes. If he finds himself in doubt he may apply to the court for instructions. It would be presumptuous to advise him in advance of his appointment.

The answer of the defendant St. Vincent's Industrial School puts in issue no material allegations of the complaint, is frivolous and should be stricken out and a referee to compute the amount due should be appointed.

Ordered accordingly, without costs as against the defendant St. Vincent's Industrial School.