1832.

Higbie
v.
Edgarton.

### HIGBIE *vs.* EDGARTON.

Where the defendant neglects to appear and oppose a motion for an order directing him to deliver certain articles to the master, he cannot afterwards resist a motion for an attachment against him for his non-compliance with the order, by showing that such order ought not to have been made.

His proper course, where the order is improper, or has been obtained through inadvertence or mistake, is to apply to open the motion, or to vacate the order.

ON a former day the complainant, upon due notice to the defendant, who did not appear to oppose the application, obtained an order directing the defendant Edgarton to deliver to the master certain articles alleged to be in his possession within three days after service of the order. The defendant having neglected to comply with the order,

*J. Blunt,* for the complainant, now moved for an attachment, for disobedience to the order.

*M. T. Reynolds,* for the defendant, opposed the motion. And offered to read an affidavit of the defendant, showing that he had sold the property previous to the receipt of the notice of the former application, so that it was impossible for him to comply with the order.

The CHANCELLOR said the defendant should have appeared and opposed the former application, if he had any reasons to show why the order then asked for should not be made. That if the order was improper, or had been obtained against him through any inadvertence or mistake, his proper course was to apply to open the motion, or to vacate the order. The attachment was therefore granted ; but with liberty to the defendant to apply, at the next motion day, to vacate the former order.