(98 App. Div. 10.)

### LAWSON et al. v. TYLER.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. CONTEMPT—FAILURE TO COMPLY WITH ORDER—SUFFICIENCY OF EXPLANATION.

The failure of a partner to turn over to a receiver the partnership property in his possession, including certain chemical formulas, in compliance with an order of court, was sufficiently explained, except as to the formulas, by showing that the property had been destroyed by fire, but as to the formulas such showing was insufficient where the evidence showed that his memory was retentive enough to reproduce them to some extent, and he made no claim that he could not so reproduce them.

2. PARTNERSHIP—DISSOLUTION—RIGHTS OF PARTNERS.

Where articles of copartnership provided that, in the event of dissolution, certain chemical formulas used by the partnership were to be returned to defendant, and the partnership, on dissolution, owed no debts, so that the only parties in interest were the members thereof, the partners, other than defendant, were not entitled to the possession of such formulas, regardless of the damages they sustained by reason of defendant's breach of the partnership articles.

3. CONTEMPT PROCEEDINGS—DEFENSES.

A party who refused to obey an order of court directing him to deliver certain property to a receiver could not defeat contempt proceedings by contesting the right of the receiver to the possession of such property, which was adjudicated by the order from which he did not appeal.

Appeal from Special Term, New York County.

Action by Thomas Lawson and another against Charles F. Tyler. From an order adjudging defendant guilty of contempt in failing to comply with an order appointing a receiver and directing him to turn over specific articles of property, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Adelbert W. Bailey, for appellant.
George I. Woolley, for respondents.

HATCH, J. The action is brought for the dissolution of a copartnership and to compel the defendant to account for certain property claimed to have been appropriated by him in violation of such articles, and for damages claimed to have been sustained on account of the defendant's breach of the agreement. The copartnership was formed for the purpose of compounding and selling veterinary medicine and supplies under the name of "Dr. Tyler's Chemical & Veterinary Supply Company." A motion was made and granted for the appointment of a receiver of the partnership property. In the order the defendant was

required to deliver to the receiver all of the partnership property in his possession, including certain formulas used by the defendant in compounding medicine. From the order thus made and entered the defendant did not appeal. Although the evidence upon the motion was conflicting as to the demand made by the receiver upon the defendant for the delivery of the property and formulas, yet it was sufficient for the court to find that the demand was made and that the defendant refused to comply therewith. The evidence was also conflicting as to the ability of the defendant to deliver the formulas. He established that the property of which he was possessed, including the formulas, had been destroyed by fire; and this was a sufficient answer for a failure to deliver so far as the property of the copartnership was concerned, aside from the formulas. As to them the learned judges below reached the conclusion, after two exhaustive arguments, that the defendant had it within his power to reproduce and deliver the formulas to the receiver, and we think the evidence submitted sufficient to justify this conclusion. It appeared that the defendant had carried on business for a long time, and made use of the formulas in compounding the medicines which the copartnership was established to vend, and that he made up and compounded such medicine without the aid, in many instances, of the written formula. This would indicate that his memory is retentive enough to reproduce at least to some extent the formulas of which he made use, and he was bound under the order, after the writing had been destroyed, to reproduce them so far as he was able. He makes no claim of inability to reproduce. His sole claim is that they have been destroyed by fire; but this is far from showing that he has not copies or other aids, either in memory or otherwise, from which they can be reproduced. So far, therefore, as these questions of fact are concerned, we think the evidence was sufficient to authorize the conclusion which the court expressed in its order.

It is claimed, however, that there is no authority to compel a delivery of the formulas. Such claim, as matter of fact, has substantial basis to rest upon. The articles of copartnership, inter alia, provided for the delivery of the formulas to the copartnership for the benefit of those interested therein, and then provided, "All of which are to be returned to him [the defendant] on the dissolution of company." The complaint avers that the copartnership owes no debts, and has no property other than that mentioned in the complaint. The only parties in interest, therefore, in the matter, are the persons constituting the copartnership. As between them, the defendant, by the express terms of the contract, became entitled to the possession and control of the formulas upon a dissolution. The plaintiffs are not entitled to their possession for the purposes of this action as against the defendant, and there are no other intervening rights which are to be conserved. Whatever damages the plaintiffs have sustained by reason of the defendant's breach of the articles of copartnership, admitting it to have occurred, would not give to the plaintiffs the possession of the formulas, or any interest therein arising out of the copartnership agreement. Such, however, is not the question presented by this motion. The court had the power to appoint a receiver, and also to direct delivery of the property to him, including the formulas; and when it made such order, so

long as it stood, the defendant was bound to obey it. If he wished to contest the right of the receiver to the possession of the formulas, he should have appealed from the order, or moved to vacate it. Not having done so, he is bound by its terms, and cannot now claim that he is not bound to obey it. People ex rel. Day v. Bergen, 53 N. Y. 404; Higbie v. Edgarton, 3 Paige, 253. This being his status, he was properly adjudged in contempt, and cannot now be heard to urge considerations which might have defeated the direction to deliver the formulas under the receivership order.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.

