WILFRED FRANCIS RICARDO and MAURICE CANE, as Trustees under a Certain Indenture or Deed of Marriage Settlement Dated the 9th Day of August, 1909, Respondents, *v.* FANNIE DEUTSCH, Appellant, Impleaded with HARRY DEUTSCH and Others, Defendants.

THEODORE K. MCCARTHY, as Receiver, Respondent.

First Department, June 13, 1919.

Landlord and tenant — deposit to secure performance of conditions of lease — right of receiver of rents and profits to deposit collection in summary proceeding — effect of appointment of receiver on relation of tenancy — right to return of deposit before covenants fully performed.

Where the lessees of a building and certain personal property therein had made a deposit with the lessor as security for the faithful performance of the covenants and conditions named in the lease, among which was a

covenant to return the personal property to the landlord, at the end of the term, in good condition, and after a receiver of the rents and profits had been appointed to foreclose a mortgage on the building the tenants assigned their claim for the amount of the deposit to the receiver and received credit on the rent, a motion by the receiver to compel the landlord to turn over the deposit to him should be denied, since the receiver's rights are to be measured by the rights of the tenants, and as they would have no right in a summary proceeding to compel the return of the money, the receiver could not do so.

The appointment of a receiver to collect rents and profits in an action to foreclose a mortgage does not affect the relation of the tenants of the property to the landlord-mortgagor; they are still his tenants, only directed to pay the rent to the receiver during the pendency of the action.

The landlord holds the fund as full security for the compliance of the tenants with all their covenants in the lease, and until those covenants have been fully performed, the tenants themselves would have no right, in any proceeding, to recover the amount thus deposited as security.

APPEAL by the defendant, Fannie Deutsch, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of January, 1919, granting a motion by Theodore K. McCarthy, as receiver in the action, requiring the appellant, Fannie Deutsch, to pay to the receiver the sum of $400 which the appellant, Fannie Deutsch, had theretofore received from the tenants of the mortgaged premises, as security for the performance of the covenants in the lease, which were the subject of the action.

*Frank Wasserman* of counsel [*Wasserman & Erenstoft,* attorneys], for the appellant.

*Robert W. Candler* of counsel [*John H. Bogardus* with him on the brief; *Weil & Espen,* attorneys], for the respondent Theodore K. McCarthy, as receiver.

SMITH, J.:

Fannie Deutsch was the owner of property in the borough of Manhattan upon which was a mortgage for the sum of $24,000. The mortgagee commenced an action to foreclose the mortgage and Theodore K. McCarthy, this respondent, was appointed receiver of the rents and profits of the real estate. At the time of the commencement of the foreclosure proceeding the property was in the possession of Blank and

Savitch, as tenants under a lease made by the appellant Deutsch to them, dated December 9, 1915, for a term ending December 31, 1920, at a rental of $2,400 a year, payable monthly in installments of $200 each. The lease also gave to the tenants the use of certain fixtures, chattels and utensils, and the tenants agreed at the end of the term to return these in good condition to the landlord. By the terms of the lease the tenants deposited with the appellant $400 as security for the faithful performance of the covenants and conditions named in the lease, such sum to be returned by the landlord to the tenants at the expiration thereof, with interest at three per cent, as appears by the 19th paragraph of the lease. After the receiver had been appointed the tenants refused to pay any rent unless they were credited with the $400 which they had deposited as security under the lease. After several months had expired a settlement was made between the receiver and the tenants, whereby the tenants paid to the receiver the rent that was due, less the $400, and assigned to the receiver any interest they had in this $400 deposit which was held by the appellant. The receiver thereafter made this motion to compel this appellant, the landlord, holding this $400 security to turn over to him the $400. The motion was granted, and from the order granting the same this appeal has been taken by Fannie Deutsch, the landlord.

I am unable to find any right for the receiver to proceed in this summary way to reach this $400. As the assignee of the tenants he clearly has no more right than the tenants would have, and the tenants have no right in a summary proceeding to order the appellant to turn over the money. This money was security for the payment of the rent both for the real and for personal property and, moreover, was security for the performance of all other covenants in the lease. Now, one of those covenants was to return the personal property in good condition, and from the affidavit it appears that the landlord makes claim that this covenant has been broken and that several of said chattels have been damaged, destroyed and lost during the time that the tenants had the use thereof and that said tenants have failed to replace the same or to repair such loss to the broken and damaged chattels. If such be the fact, then it would seem clear that the landlord

would have the right to hold this $400 to reimburse her for any property that was not returned in good condition, as is provided in the lease. With this interest, with the amount undetermined, of Fannie Deutsch, the landlord, in this $400 deposit, her rights cannot be determined in a summary proceeding. These tenants are still her tenants, only directed to pay the rent to the receiver pending the determination of this action. She holds this fund as full security for the compliance of the tenants with all their covenants in their lease. Until those covenants have been fully performed, the tenants themselves would have no right, either by summary proceeding or by action, to recover the amount thus deposited as security. If her interest in the equity of redemption should be sold out on foreclosure sale, a different question might arise, but even then it would seem that the moneys could only be reached by action in which could be determined just the interest that she had in this $400.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.