IsADORE B. GELLER et al., Copartners under the Firm Name of I. B. GELLER & Co., Plaintiffs, v. FLAMOUNT REALTY CORPORATION et al., Appellants, Impleaded with Others.

ERNEST W. BRADBURY, as Receiver, Respondent.

(Argued October 3, 1932; decided November 29, 1932.)

*Joseph L. Zoetzl* and *Ernest Rolph* for appellants. An order adjudging defendants-appellants guilty of contempt may be appealed from where the object is to rid themselves of the alleged contempt. (*Peters* v. *Berkeley,* 219 N. Y. Supp. 709; *Brinkley* v. *Brinkley,* 47 N. Y. 40.) Not more than one fine may be imposed jointly, on a number of joint offenders. (*Socialistic Co-operative Pub. Assn.* v. *Kuhn,* 164 N. Y. 473.) The fine imposed for the alleged contempt exceeds the statutory limit of $250. (Judiciary Law, § 773; *Socialistic Co-operative Pub. Assn.* v. *Kuhn,* 164 N. Y. 473; *Moffa* v. *Herman,* 116 N. Y. 131; *Snow* v. *Shreffler,* 148 App. Div. 422; *Stewart* v. *Smith,* 186 App. Div. 755.)

*Abraham N. Geller, Bernard A. Saslow* and *Aaron Greengold* for respondent. The order adjudging appellants in

contempt is an intermediate and not a final order. The Court of Appeals is without jurisdiction to entertain this appeal therefrom by reason of the Appellate Division's refusal to allow an appeal upon certified questions. (*McKeown* v. *Officer*, 127 N. Y. 687; *Schieffelin* v. *Hylan*, 229 N. Y. 633; *Turner* v. *Woolworth*, 221 N. Y. 425; *Matter of Steinman* v. *Conlon*, 208 N. Y. 198; *Jewelers' Mer. Agency* v. *Rothschild*, 155 N. Y. 255; *Ray* v. *N. Y. Bay Extension R. R. Co.*, 155 N. Y. 102; *Hand* v. *Örtschreib Building Corp.*, 254 N. Y. 15; *Thayer* v. *McManus*, 251 N. Y. 591; *Novick* v. *Duckor*, 236 N. Y. 644; *Matter of Empire State Surety Co.*, 214 N. Y. 659; *Clark* v. *Clark*, 195 N. Y. 612; *Matter of Simonson*, 164 N. Y. 571; *Douglass* v. *Halstead*, 161 N. Y. 621; *Robinson* v. *Robinson*, 123 Misc. Rep. 80; *People* v. *Moran*, 235 App. Div. 317.) Clearly as to the appellant corporation, the order is intermediate. (*Klasko Finance Corp.* v. *Belleaire Hotel Corp.*, 257 N. Y. 1; *People* v. *American Loan & Trust Co.*, 150 N. Y. 117.) The right of the receiver to the possession of the security is not in issue on this motion to have defendants-appellants adjudged in contempt. The receivership order is not subject to collateral attack or review herein. (*Ketchum* v. *Edwards*, 153 N. Y. 534; *Lawson* v. *Tyler*, 98 App. Div. 10; *People ex rel. Day* v. *Bergen*, 53 N. Y. 404; *Matter of Cornblum*, 133 Misc. Rep. 357; *King* v. *Barnes*, 51 Hun, 550, 113 N. Y. 656; *Matter of Landau*, 230 App. Div. 308; 255 N. Y. 567; *Bornemann* v. *Bischoff*, 6 App. Div. 524; *Matter of Murray's Estate*, 6 App. Div. 376; *Slackman* v. *Kaufman*, 160 N. Y. Supp. 786; 162 N. Y. Supp. 1144.) The presumption of jurisdiction and regularity is conclusive here by reason of appellants' failure to produce evidence to the contrary. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Mills* v. *Frank*, 137 Misc. Rep. 407; *King* v. *Barnes*, 51 Hun, 550; 113 N. Y. 656; *Steinhardt* v. *Baker*, 163 N. Y. 410; *Matter of Marcellus*, 165 N. Y. 70; *Matter of Whitman*, 225 N. Y. 1; *Smith* v. *Central Trust Co.*,

154 N. Y. 333; *Wood* v. *Morehouse*, 45 N. Y. 368; *Culp* v. *City of New York*, 146 App. Div. 326; *Epstein* v. *Steinfeld*, 206 Fed. Rep. 568; *Oriel* v. *Russell*, 278 U. S. 358; *U. S.* v. *Chemical Foundation*, 272 U. S. 1.) The amount of the fine imposed upon defendants-appellants was proper. (*Matter of International Milling Co.*, 259 N. Y. 77.)

HUBBS, J. This is an action against Flamount Realty Corporation and others to foreclose a real property mortgage. During the pendency of the action, a receiver of the property was appointed by an order of the Supreme Court. The order as resettled directed: "That the defendant, Flamount Realty Corporation, and/or the officers thereof, forthwith deliver and turn over to the receiver any and all sums deposited by tenants as security under leases on the mortgaged premises herein."

Appellants Charles W. Gerstenberg and Ernest Rolph were president and treasurer respectively of the defendant-appellant Flamount Realty Corporation. Certified copies of the receivership order were duly personally served upon the appellants. They refused to comply with the terms of the order. Thereafter an order to show cause entitled in the action was granted in which the appellants were directed to show cause why they should not be punished for contempt of court for failing to obey the receivership order to turn over to the receiver the securities deposited by tenants. Upon the return of the order to show cause, they appeared by attorney in opposition to the motion, but did not file any affidavits in opposition.

Thereupon, the order appealed from was granted, adjudging the appellants in contempt and imposing a fine upon each of $250.

The defendant corporation was a party defendant in the action. The motion in the action to punish it for contempt resulted in an order made in the action, and not a final order in a special proceeding appealable to this

court. (*Klasko Finance Corp.* v. *Belleaire Hotel Corp.*, 257 N. Y. 1.)

The appeal by it must be dismissed, with costs. The order adjudging the individuals who were not parties to the action in contempt is a final order in a special proceeding and appealable to this court. (*Rosenberg* v. *Rosenberg*, 259 N. Y. 338.)

The individual appellants contend that the order adjudging them in contempt was improperly granted, as they could not be in contempt for failure to obey the order appointing the receiver, as notice of the application for that order was not served upon them and the order itself was void as the court had no power to require them to turn over securities deposited by tenants. This appeal does not bring up for review the order appointing the receiver. The papers and proceedings upon which that order was based are not contained in the record. We have no way of determining whether the court, in granting the order appointing the receiver, acted without jurisdiction. The order was granted in an action pending in the Supreme Court, a court of general jurisdiction, and is presumptively valid and regular. In fact, the appellants, upon the motion for the order appealed from, failed to file any papers questioning the validity or regularity of that order.

In the absence of evidence to the contrary the presumption of jurisdiction and of regularity is conclusive and cannot be attacked collaterally.

It is urged that the record does not disclose any proof that the securities were in the possession and control of the individual officers of the corporation who are appellants. That is true because the papers upon which the receivership order was based and which order directed them to turn over the securities are not before us. For all we know, the affidavits used upon the motion for the receivership order may have disclosed that the individual

appellants were personally in possession and control of such securities.

In the absence of any contention to the contrary, we must presume that the court, when it granted the receivership order, had before it affidavits alleging facts which justified it in including in the order the provision which directed the individual appellant officers of the corporation to turn over to the receiver the securities in question.

If the individual appellants had the securities in their possession as officers of the corporation and refused to turn them over, they were assisting the corporation defendant in violating the order and are liable for civil contempt. (Fletcher, Cyclopedia Corporations, vol. 5, p. 5569, and cases cited.)

If appellants did not desire to obey the order, they should have moved to vacate or modify it. (Civ. Prac. Act, §§ 897, 898.) They could not legally determine for themselves that it was void and refuse to obey it. Having done so, they cannot now urge facts or arguments which might have led to a modification of the order if presented to the court for that purpose. The order, so far as we are able to determine from the record before us, was not void and it cannot be reviewed upon this appeal in order to relieve appellants from punishment for disobeying it. (*Koehler* v. *Farmers & Drovers Nat. Bank*, 6 N. Y. Supp. 470; affd., 117 N. Y. 661; *Daly* v. *Amberg*, 126 N. Y. 490, 495; *People ex rel. Day* v. *Bergen*, 53 N. Y. 404; *Ketchum* v. *Edwards*, 153 N. Y. 534; *Lawson* v. *Tyler*, 98 App. Div. 10.)

As the contempt with which the individuals are charged is a civil contempt and no proof of damage was offered, the court was without jurisdiction to impose a fine of over $250 against them, jointly and severally. (Judiciary Law [Cons. Laws, ch. 30], § 773; *Socialistic Co-op. Pub. Assn.* v. *Kuhn*, 164 N. Y. 473.)

The orders should be modified by reducing the fine imposed to $250 against the corporation and individuals,

jointly and severally, and as so modified affirmed, without costs. The appeal of the corporate defendant should be dismissed, with costs.

LEHMAN, J. (dissenting). An interlocutory order made in the action directs that " the defendant, Flamount Realty Corporation, *and/or the officers thereof*," forthwith deliver and turn over to the receiver any and all sums deposited by tenants as security under the leases. Failure to make such delivery has resulted in an order holding not only the corporation but its president and treasurer in contempt.

I agree that the regularity of the original order may not be reviewed upon this appeal from the contempt order. Presumptively it was regular and binding, at least, upon any person named therein who was a party to the action. The corporation was a party to the action and named in the order. The officers of the corporation were not parties to the action or to the proceedings which resulted in the order to deliver and turn over to the receiver security deposited under leases. They are not even named in the order as individuals, though included in the general class described as officers of the corporation. No specific officer is directed to act. All that the order, fairly construed, requires is that the corporation shall act and, since the corporation can act only through its agents and officers, that its appropriate officers shall act in its behalf. Upon a motion to punish an individual for contempt of an order made in a proceeding to which the individual was not a party, two questions are presented: Was the order binding upon the individual? Did he disobey the order?

" No court can make a decree which will bind anyone but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is *pro tanto brutum fulmen*, and the

persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court. Thus, the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party. This means that the respondent must either abet the defendant, or must be legally identified with him." (*Alemite Mfg. Corp.* v. *Staff*, 42 Fed. Rep. [2d] 832, opinion by LEARNED HAND, J.)

In that case the injunction order was entered against a defendant, "his agents, employees, associates and confederates," yet the court reversed an order adjudging in contempt one who had been in the employ of the defendant and who, with notice of the injunction, violated its prohibitions, but acting independently and not as an agent of the defendant. "Strictly * * *, the addition of such words as the plaintiff here relies on, adds nothing to the decree. Without them any one is liable who knowingly does what the court has properly enjoined; with them nobody is liable who does not."

The same limitation upon the power of the court to enjoin persons not parties to an action has been generally recognized. Disobedience by a person not a party to the action of an order enjoining a party, its "agents" or "officers" or "servants," may be punished as a criminal contempt, but only where the offender acted as "agent or servant of the defendants or in combination or collusion with them or in assertion of their rights or claims." (*Rigas* v. *Livingston*, 178 N. Y. 20, 24; *People ex rel. Stearns* v. *Marr*, 181 N. Y. 463.) (See, also, *Seaward* v. *Paterson*, [1897] 1 Ch. 545.)

Here such distinctions have been entirely disregarded and the result seems to me quite anomalous. The

corporation and its officers have been charged with a civil contempt and have been fined $250 each, though there has been only one act of disobedience by the corporation and its officers, and we are agreed that but one fine should have been imposed on them jointly and severally. The defendant corporation as a party to the action is bound to obey the mandate of the court issued in the action. Its failure to act through its officers and agents is a disobedience of the mandate of the court and a contempt. So, too, would be *refusal* to act by an officer or agent authorized, and under a duty, to act for its principal. (*Matter of Lennon,* 166 U. S. 548.) Mere failure to act by an officer not a party to the action would not. The power derived from the principal and the duty must coincide. Here there may be proof that the corporation received deposits from tenants; in the proceeding in which the appellants are parties there is no proof of what became of these deposits or that they are now subject to the control of either or both of the officers who have been adjudged in contempt. Yet the order directs the commitment of both the officers until the order is obeyed by somebody.

It is sought to justify all this upon the ground that the order, directed to the corporation and/or its officers, is not subject to collateral attack, by any person charged with disobedience. So far as the order adjudicates that the conduct of the corporation which was a party to the action is unlawful and enjoins continuance of such conduct, the order is conclusive when the corporation is charged with its violation or its officers are charged with knowingly assisting the corporation in violating the injunction. So this court has held in cases cited in the opinion of Hubbs, J. The reason underlying these decisions is that the court had jurisdiction over the person of the defendant and its mandate to a defendant is presumptively valid and no person may knowingly assist another to violate a mandate of the court. The

problem is different where a person not a party to the action is charged with violation of an injunction order directed to such person. If by such order " the unlawfulness of his conduct has been determined, and, if he has not been a party and has had no day in court, he is condemned without hearing." (*Alemite Mfg. Corp.* v. *Staff, supra,* at p. 833.) As was said in that case, " This is far from being a formal distinction; it goes deep into the powers of a court of equity. * * * It is by ignoring such procedural limitations that the injunction of a court of equity may by slow steps be made to realize the worst fears of those who are jealous of its prerogative."

Thus, if we construe the injunction order as a direction to the corporation acting through its officers, it is not subject to collateral attack, but the order punishing the corporate officers for contempt should be reversed because there is no proof that either of these officers was in possession of the deposits and had both the power and the duty to pay it over. If we treat the injunction order as a direction to the officers, *eo nomine*, though not parties to the action, then it is void as to them, for they have not had their day in court to contest a claim that they were under any duty towards the receiver to make such payment. In either event, they cannot be held in contempt without a hearing upon the basic question of whether their conduct is unlawful.

The order should be reversed upon the appeal of the officers, and the appeal of the corporation dismissed.

POUND, Ch. J., CRANE, O'BRIEN and CROUCH, JJ., concur with HUBBS, J.; LEHMAN, J., dissents in opinion in which KELLOGG, J., concurs.

Ordered accordingly.