Isadore B. Geller and Another, etc., Doing Business as I. B. Geller & Co., Plaintiffs, *v.* Flamount Realty Corporation and Others (Gerstenberg and Another), Defendants.

Supreme Court, Bronx County, January 17, 1933.

*Abraham N. Geller* [*Bernard A. Saslow* with him on the brief], for the plaintiffs.

*Aaron Greengold* [*Abraham N. Geller* of counsel], for the receiver.

*Tetelman & Tetelman* [*Louis Tetelman* of counsel], for defendant Flamount Realty Corporation and its officers.

McGeehan, J. The order appointing the receiver herein, as resettled, directed " that the defendant Flamount Realty Corp'n and /or the officers thereof, forthwith deliver and turn over to the receiver any and all sums deposited by tenants as security under leases on the mortgaged premises." The defendant corporation and its officers failed to comply with such direction. On motion of the receiver, no opposing affidavits being submitted thereon, the court adjudged them in contempt for non-compliance. The order entered thereon was affirmed by the Appellate Division. By permission, an appeal therefrom was taken to the Court of Appeals. Upon such appeal a surety company undertaking was furnished by the defendant corporation and its officers, which provided that in the event of an affirmance in whole or in part of the order, or in the event of a dismissal of the appeal, they would pay in addition to costs, disbursements and fines, the total amount of the securities deposited by the tenants with such defendant corporation and /or its officers, together with interest. The Court of Appeals dismissed the appeal as to the defendant corporation and modified the order by reducing the amount of the fine, and as so modified affirmed it. (260 N. Y. 346.)

The defendant corporation and its officers now move to modify the order appointing the receiver, as resettled, by striking therefrom the directions to them to account to the receiver for rents collected and for sums deposited by tenants as security under the leases. There appears to be a question as to the right of the receiver to the rents collected before his appointment, and also to the security deposited by the tenants. (See *Ricardo* v. *Deutsch*, 188 App. Div. 285.) But, as stated in the prevailing opinion of the Court of Appeals, if the defendant corporation and its officers did not desire to obey such order they should have moved to vacate or modify it. Instead, they appealed from the order adjudging them in contempt. They contend hereon that not having received notice of the application for the appointment of the receiver or of the application to resettle the order appointing him, they are within their rights in moving at this time for a modification thereof, as such order was not reviewed on the appeal in the contempt proceedings and the relief now applied for has not heretofore been sought. The brief submitted by them on such appeal discloses a strong reliance upon the *Ricardo* case and a specific request for a modification of the receivership order with respect to the provision for the delivery to the receiver of the security deposited by the tenants. The difficulty with the position taken by the defendant corporation and its officers seems to be that, having agreed to comply with the receivership order in consideration of the granting by the court of a stay of execution

of the contempt order, they may not now assert any right they may have possibly had to a modification of the reeeivership order and should be required to meet the terms of their undertaking given upon the appeal. (See *Matter of N. Y., L. & W. R. R.*, 98 N. Y. 447, 453.)

Considering all of the equities, particularly the rights of the tenants who have submitted affidavits hereon asking that the provisions in question be retained for their protection, I am constrained to deny the motion. Upon the settlement of the receiver's account, appropriate provision may be made in the interests of all parties and the tenants as regards the security for the rents. If the parties wish they may settle an order on notice.