ANTON SCHICHOWSKI, Respondent, *v.* AUGUST E. HOFF-
MANN, Appellant.

(Argued March 7, 1933; decided April 11, 1933.)

*Harry A. Bostrom, Wilson B. Brice* and *Forrest M. Anderson* for appellant. The complaint does not state a cause of action. (*Neubert* v. *Armstrong Water Co.,* 211 Penn. St. 582; *Leslie* v. *Mahoning Ry. Co.,* 22 Penn. C. C. 300; *Machen* v. *Machen & Mayer Electrical Mfg. Co.,* 237 Penn. St. 212; *Matter of Journal Pub. Club,* 30 Misc. Rep. 326; *Greenberg* v. *Polansky,* 140 App. Div. 326; *Watertown Paper Co.* v. *Place,* 51 App. Div. 633; *Saal* v. *South Brooklyn Ry. Co.,* 122 App. Div. 364.) The trial court erred in refusing to dismiss the complaint and in refusing to direct a verdict for the defendant. (*Greenberg* v. *Polansky,* 140 App. Div. 326; *Matter of Wegman's Sons,* 40 App. Div. 632; *Watertown Paper Co.* v. *Place,* 51 App. Div. 633; *Neubert* v. *Armstrong Water Co.,* 211 Penn. St. 582; *Leslie* v. *Mahoning Ry. Co.,* 22 Penn. C. C. 300; *Machen* v. *Machen & Mayer Electrical Mfg. Co.,* 237 Penn. St. 212; *Matter of Journal Pub. Club,* 30 Misc. Rep. 326.)

*Oscar S. Blinn* for respondent. The complaint sets forth a cause of action. (*Finley* v. *Atlantic Transport Co.,* 220 N. Y. 249; *Kujek* v. *Goldman,* 150 N. Y. 176; *Habeeb* v. *Daas,* 111 Misc. Rep. 437; 196 App. Div. 974; *Keller* v. *Butler,* 246 N. Y. 249; *Fulton* v. *Ingalls,* 165 App. Div. 323; *Williamson* v. *Cassa-Eguia,* 226 App. Div. 195; *Abounader* v. *Strohmeyer,* 217 App. Div. 43; 243 N. Y. 458; *Pitcher* v. *Lennon,* 12 App. Div. 356; *Brown* v. *Wittner,* 43 App. Div. 135; *McCrea* v. *McClenahan,* 131 App. Div. 247; *Israel* v. *Burke & Sons,* 97 Misc. Rep. 371; *Debobes* v. *Butterfly,* 210 App. Div. 50.)

LEHMAN, J. In May, 1925, the plaintiff, while secretary of Merchants Collateral Corporation, a New York corporation, delivered the corporate books to the defendant, its president, in the city of Reading, Pennsylvania. He did this at the defendant's direction. They were there-

after kept by the president in a safe in his office in the city of Reading. On the 19th of April, 1927, in an action brought by a third party against the defendant, an order in aid of an attachment against defendant's property was made by a justice of the Supreme Court, directing the Merchants Collateral Corporation by the plaintiff, its secretary, to appear and attend at Special Term and submit to an examination under oath concerning the property of the defendant and his interest in the corporation, and further directing that the said corporation, by the plaintiff, its secretary, produce the corporate books referring to any of the matters included in the order of examination.

The plaintiff did not appear at the time set for the examination. He claims that he was never served with the order of examination. He was served thereafter with an order to show cause why he should not be adjudged guilty of contempt of court in having willfully disobeyed such order to appear and attend for examination. Though counsel appeared in his behalf, he was adjudged guilty. The order provided that he might purge himself of the contempt by appearing for examination and producing the books of the corporation on June 7th, and that upon proof of his failure to do so application might be made *ex parte* for a warrant of commitment.

The plaintiff appeared for examination at the time set. He could not produce the corporate books. He endeavored to induce the defendant to send them back, but though the defendant knew that plaintiff might be imprisoned if he failed to produce the books, the defendant did not return the books. On October 31st the plaintiff was arrested under a warrant of commitment. Even then the defendant delayed the return of the books, and until November 11th the plaintiff was unable to purge himself of his contempt and comply with the order for the production of the books. In this action he has

recovered judgment for the damages sustained by his imprisonment.

The action is novel. The plaintiff has been imprisoned under an order of a court of competent jurisdiction, adjudicating that he willfully disobeyed an order of the court. The defendant did not initiate the proceedings. against the plaintiff and did not deceive the court. He was, in fact and in law, a stranger to these proceedings. Here, we can find no analogy to the cases where a defendant has been compelled to respond in damages for the malicious initiation of a prosecution, for malicious abuse of process, or for other wrong committed in the course of a judicial proceeding. To sustain the judgment, wrong and damage flowing from that wrong must be shown. Ancient rules of law may be applied to novel conditions. The definition of a general right or duty may be defined in terms broad enough to cover new conditions as they arise; but there is no remedy for damage caused by the act of another except where that act constitutes an invasion of a legal right of the injured person, a breach of some duty owed to him.

Every domestic corporation is required to keep at its office in this State correct books of account and a stock book. The stock book must be open for inspection " by any judgment creditor of the corporation; or by any person who shall have been a stockholder of record in such corporation for at least six months immediately preceding his demand." For every day that a corporation neglects or refuses to keep or cause to be kept such books or to keep any stock book open for inspection it forfeits to the people the sum of fifty dollars, and " if any officer or agent of any such corporation shall willfully neglect or refuse to make any proper entry in such book or books, or shall neglect or refuse to exhibit any such stock book * * * as provided in this section, the corporation and such officer or agent shall each forfeit and pay to the party

injured a penalty of fifty dollars for every such neglect or refusal, and all damages resulting to him therefrom." (Stock Corp. Law; Cons. Laws, ch. 59, § 10.)

Corporate officers who remove and keep the corporate books in a foreign jurisdiction violate a statutory duty and expose the corporation to the statutory penalty for such violation. They owe a continuing duty to the corporation to bring back the books so that violation of the statute may cease. The officer or officers who keep their books out of the State may also be liable to pay to a person having the right to inspect the books, the statutory penalty and the damages which flow from denial of the right of inspection. Perhaps, also, to persons having such right to inspect, the corporate officers may owe a continuing duty to restore the books to the corporate office. Here, neither the corporation nor a person entitled to inspect the books is asserting a right or complaining of the violation of a duty owed to him. The plaintiff claims damages against the defendant for the violation of an alleged duty owed to him as secretary of the corporation by its president to whom he delivered the books.

If the plaintiff was intrusted by the corporation with the custody of the books at the corporate office, then a refusal by the defendant to comply with plaintiff's request to return the books would constitute a wrong to the corporation but not a personal wrong to the plaintiff and ordinarily would cause no personal damage to the plaintiff. Even, here, the order to produce the books was directed, not to the plaintiff personally, but to the corporation by the plaintiff, its secretary. If the plaintiff did not as corporate agent have control of the books and could not comply with the order, his failure to produce the books would not be a willful disobedience of a judicial decree and he could not, because of such failure, be punished for contempt. (*Geller* v. *Flamount Realty Corp.*, 260 N. Y. 346.) It is said that nevertheless he was punished for

such failure. Before he was adjudged in contempt he had opportunity to present the facts to the court. The subsequent order of the court may have been due to the failure of the plaintiff to present the situation properly or failure of the court to apprehend the consequences legally following from that situation. Certainly, until that time the defendant was not under any duty to foresee and to guard the plaintiff against the consequences of error on the part of the plaintiff or his attorney, or on the part of the court.

We are told that, even though that be true, after the plaintiff was adjudicated in contempt, the defendant came under the duty to assist the plaintiff to obey the order for the production of the books and thus to purge himself of the contempt. We assume that the defendant as president of the corporation should have assisted the corporation and its agents to obey any order of the court directed to the corporation, but even if that may be said to constitute a legal duty, it is a duty owed to the court or to a party to the litigation before the court, whose right or remedy might otherwise be defeated, impaired, impeded or prejudiced. It is not a duty owed to another agent of the corporation, nor does it ripen into such a duty merely because, if he remains quiescent, such other agent may be subjected to imprisonment.

Our concepts of legal duties are not static in a changing world. They grow and change as new conditions arise; as life becomes more complex in its social relations; as the social conscience of the community imposes upon its members new obligations or frees them from old obligations. The field in which a man may with impunity *cause* damage to another for his own selfish ends has been restricted by statute and, at times, even by judicial decision. The field in which a man may be held liable for failure to take affirmative action to avert from another damage which may arise from causes which he has not

created has not been greatly enlarged. The plaintiff here was threatened with the consequence of acts which the court had adjudicated constituted a willful disobedience of its mandate. The court could relieve the plaintiff from these consequences if convinced that the plaintiff was using his utmost endeavors to comply with that mandate. The defendant, not having caused the court to act or refrain from acting, was not under a legal duty to come to the plaintiff's aid. If the plaintiff did in fact willfully disobey the mandate of the court, he cannot shift the penalty to the defendant. A sense of loyalty to an associate or employee who was threatened with imprisonment because he had served the defendant too faithfully might well have impelled the defendant to come to the plaintiff's assistance. The law imposed no such duty upon him.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgments reversed, etc.