BULL MOOSE HOLDING CORPORATION, Appellant, v. FERGUS REALTY CORPORATION and Others, Defendants, Impleaded with SUN HAVEN DEVELOPMENT CORPORATION, WESTCHESTER TITLE AND TRUST COMPANY and BERTHA L. WOOD, Respondents.— Judgment reversed on the law and the facts, with costs, and judgment directed in favor of the plaintiff, with costs, barring any claims in so much of plaintiff's property as lies within the 100-foot business district fronting on the Boston Post road so as to permit the use thereof for ordinary business, including public garages and gasoline filling stations but not including factories or nuisances. At the time the instrument of restrictions was filed it was the purpose of defendant Sun Haven Development Corporation that the property described in the complaint lying in division 2 on the map, and the development in connection with its property in division 1 facing on Main street, should be used for garden apartments. Since plaintiff took title, Main street has been materially widened and the traffic upon it increased threefold. Since that time an automobile filling station has been erected approximately 500 feet west of the plaintiff's property on Main street, and adjoining the filling station is a second-hand automobile sales department and immediately adjacent thereto a two-story automobile show room and service station. By amendment of the zoning ordinance of the city of New Rochelle in April of 1927, the erection of apartments on that part of the property located in division 2, in conjunction with division 1, which was permitted by clause IV of the instrument of restrictions and by the zoning ordinance in force at the date thereof, was prohibited. The combination of the zoning ordinance effective when plaintiff bought the property, the instrument of restrictions and the zoning law as amended, precludes the use of a part of the property for any practical purpose, since it appears that the only use to which the property can profitably be put is in connection with automobile service. The proof is to the effect that no substantial damage will be suffered by the defendants from the granting of the relief sought. A finding to that effect will be made. Findings 14 and 15 are reversed, and new findings will be made. Hagarty, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes to affirm on the ground stated by Witschief, J., at Special Term, that there has been no such change in the nature of the locality which makes it impracticable to use the property profitably, if the covenant be enforced. Settle order on notice.

CORTELYOU MANOR HOMES, INC., Appellant, v. MARIE BENSON BERGEN and Others, Defendants. MARCUS FRIEDLANDER, Receiver, Respondent.— Upon the appeal of the plaintiff corporation the order is affirmed, with ten dollars costs and disbursements. The order under review adjudges the president of the plaintiff corporation to be guilty of contempt of court. That order rests upon an order of the Supreme Court directing the plaintiff corporation to pay over certain moneys to the receiver. The order is limited to the corporation and makes no reference to any officer or officers therein, either by name or description. In support of the order under review, there is no proof of contempt upon the part of the individual officer of the corporation. The order is confined to his contempt, and there is no finding of contempt upon the part of the plaintiff corporation. The individual officer, however, has not appealed. The affirmance is without prejudice to any rights of the individual to move respecting the order as he may be advised. (See Geller v. Flamount Realty Corp., 260 N. Y. 346.) Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.