ARCHIE S. BURTON, Plaintiff, v. THOMAS L. MYERS and Others, Defendants.

Supreme Court, Special Term, New York County, September 6, 1939.

*Harry Rittenberg,* for the plaintiff.

Default in appearance by defendants.

BENVENGA, J. This is a motion by the plaintiff for an order to assess treble damages against the defendants pursuant to section 924 of the Civil Practice Act. This section, so far as material, provides that a person who falsely or fraudulently makes a claim of ownership to property which has been attached " may be punished as and for contempt of court *and shall be liable in treble damages to the party injured thereby.*"

The question presented is whether the proper remedy is by *motion* to assess damages or by *action* for damages. No precedent has been found by counsel; nor are we aware of any. It seems that the statute contemplates that, in the case of a false and fraudulent claim by a third party, he is punishable as and for a contempt of court and is liable, in addition to punishment for contempt, to an action for damages. This is made clear by analogous provisions of the Civil Practice Act. (See Civ. Prac. Act, §§ 48, 405, 435, 1516; *Alloway v. Hickok,* 215 App. Div. 86; affd., 243 N. Y. 615.) Thus, section 405, which prescribes the penalty for disobedience to a

subpœna, provides that the offender is liable, "in addition to punishment for contempt," for damages sustained by the party aggrieved in consequence of the failure, and fifty dollars in addition thereto. The statute then provides that the sums in question may be recovered "in one *action* or in separate *actions.*"

The motion is denied.