JOS. RIEDEL GLASS WORKS, INC., Respondent, v. FRANCIS W. KURTZ & CO., INC., Defendant.

(Matter of WILLIAM OWEN VAN KEEGAN), Appellant.

First Department, June 28, 1940.

*Milton H. Greenwald* of counsel [*Solomon Goldman* with him on the brief], for the appellant.

*Barnett L. Kulak,* for the respondent.

COHN, J. Appellant William Owen Van Keegan has appealed from three orders made and entered in the Supreme Court, New York county: (1) Order dated January 18, 1940, which adjudged him in contempt of court and directed his commitment until payment by him of a fine in the sum of $7,500 imposed for the contempt; (2) order dated February 1, 1940, which directed that the said fine be docketed as a judgment against him; (3) order dated March 29, 1940, which denied appellant's motion to vacate the order of February 1, 1940, and the judgment entered thereon.

After plaintiff had obtained a warrant of attachment against defendant's property and a levy had been made thereon by the sheriff, appellant, in order to defeat the recovery of any judg-

ment which plaintiff might secure in its action, caused to be filed with the sheriff two affidavits of claim to the attached property. Thereafter appellant removed from the custody of the sheriff and concealed the major portion of the property attached. Upon a trial to hear and determine the question of title to the property, the claims made against the attached property were defeated. Plaintiff then moved for an order to punish appellant for contempt of court upon two grounds: (1) for making false and fraudulent claims against the attached property (Civ. Prac. Act, § 924), and (2) for rescuing property in the custody of an officer by virtue of a mandate of the court (Judiciary Law, § 753, subd. 4).

Hearings were conducted at which appellant, represented by counsel, was afforded full opportunity to meet the charges made against him. The evidence adduced clearly established that appellant was guilty of the acts of misconduct charged. At the termination of the hearings the first of the three orders appealed from was made adjudging appellant in contempt of court and fining him the sum of $7,500 and in default thereof committing him to the county jail. We think that this order was correctly made, save that the amount of the fine imposed was not authorized. The fine was fixed in the sum of $7,500 by the learned justice in the belief that he had the power to set the fine in any sum up to thrice the amount of the damages sustained by the aggrieved party. In this respect we think he erred.

Though appellant was found guilty of two distinct contempts of court, the one under section 924 of the Civil Practice Act and the other under subdivision 4 of section 753 of the Judiciary Law, in determining the amount of the fine to be imposed the justice should have considered each separately.

Section 924 of the Civil Practice Act provides: " A person who shall falsely or fraudulently make a claim as prescribed herein may be punished as and for contempt of court and shall be liable in treble damages to the party injured thereby."

The quoted statute does not mean that *the fine* is to be three times the amount of damages suffered by plaintiff as a result of the filing of the false claims against the attached property. The law contemplates that in a case of a fraudulent claim by a third party, such claimant, in addition to punishment for contempt of court, is liable to the party injured for treble damages which may be recovered *in an action for damages*. (*Burton* v. *Myers*, 172 Misc. 263.)

The law is that, in a case of civil contempt, where it is not shown that an actual loss has been produced to a party by reason of the misconduct proved against the offender, a fine must be imposed,

not exceeding the complainant's costs and disbursements and $250 in addition thereto. (Judiciary Law, § 773; *Geller* v. *Flamount Realty Corp.*, 260 N. Y. 346, 351; *Socialistic Co-op. Pub. Assn.* v. *Kuhn*, 164 id. 473; *Moffat* v. *Herman*, 116 id. 131; *Burnham* v. *Denike*, 53 App. Div. 407, 409; *Leerburger* v. *Watson*, 169 id. 48, 53.) For the contempt committed under section 924 of the Civil Practice Act there is in the record no proper proof of loss sustained by the aggrieved party which flowed from the filing of the false claims. The court was accordingly without jurisdiction to impose a fine for this misconduct in excess of $250 plus claimant's costs and expenses.

The " costs and expenses " referred to in the statute mean the costs and expenses of the motion to punish for contempt and not the entire costs of the proceedings out of which the alleged contempt arose. (11 Carmody's New York Practice, p. 512.) For costs and expenses to be included they must be found on evidence to have been incurred and to be reasonable in amount. (*Fenlon* v. *Dempsey*, 50 Hun, 131.) The court should not in the absence of proof and judicial determination thereon, adjudge that the costs and expenses were a certain particular sum. (*People ex rel. Lawyers' Surety Co.* v. *Anthony*, 7 App. Div. 132, 138; affd., 151 N. Y. 620.) It is to be noted that here plaintiff failed to offer any proof as to the costs and expenses of prosecuting the motion to punish appellant for contempt.

We now consider the question as to the amount of the fine for the second contemptuous act committed, namely, rescuing property in the custody of the sheriff by virtue of the warrant of attachment (Judiciary Law, § 753, subd. 4). The Judiciary Law (§ 773) sets forth the amount of the fine for such contempt. The case is not one where it is specially prescribed by law that an action may be maintained to recover damages for the loss or injury. Hence " a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender." The evidence at the hearing showed that as a result of the misconduct of the appellant in removing and concealing the machinery plaintiff suffered an actual loss in that it was prevented from collecting its judgment. The proof also showed that the value of the machinery removed by appellant exceeded not only the amount of plaintiff's judgment in the sum of $4,830.56, but was also greater than the amount of the judgment plus interest to the date of the entry of the order imposing the fine. " In a proceeding to determine what punishment shall be imposed for a civil contempt, in which the punishment is to be measured by such sum as will compensate the injured party for his actual loss, the inquiry must always relate to the condition of things at the

time when the penalty is to be imposed." (*Ray* v. *New York Bay Extension R. R. Co.*, 48 App. Div. 502, 506 [WILLARD BARTLETT, J.].) Adopting this rule, the sum sufficient to indemnify plaintiff would be the amount of its judgment, with interest from the date of entry to the date on which the order appealed from was made. That amounts to $5,356.89. No credit may be allowed appellant for the sum of fifty-two dollars realized on the sale in execution of the judgment as that sum was retained by the sheriff to pay the warehousemen for storage charges on the attached property while it was in the officer's custody. The amount of the fine for this contempt of court is fixed in the sum of $5,356.89.

In all, appellant could properly have been fined $250 for filing the false and fraudulent claims and the sum of $5,356.89 for removing the attached property under the sheriff's custody. Accordingly, the order punishing him should be modified to the extent of fixing the total fine in the sum of $5,606.89.

We think, too, that in the circumstances of this case there is no warrant for the order directing that the fine imposed be docketed as a judgment against appellant. A fine fixed in an order adjudging one guilty of civil contempt may not be docketed as a judgment where, as here, the contemnor is serving a term in jail for failure to pay the fine. There exists a right of action to recover damages for loss or injury sustained by the aggrieved party. (*Hoefler* v. *Hoefler*, 12 App. Div. 84, 90.) The language of section 773 of the Judiciary Law recognizes that such an action may be maintained to recover damages even in a case where contempt proceedings are authorized by the statute, as it provides that the payment and acceptance of a fine constitute a bar to an action by the aggrieved party to that extent for the recovery of damages for the loss or injury. In the case of *Porous Plaster Co. of Sing Sing* v. *Seabury* (43 Hun, 611) the court in construing section 2284 of the Code of Civil Procedure, from which section 773 of the Judiciary Law is derived, said (at p. 613): "The language of section 2284 seems to recognize the fact that actions may be maintained even in those cases where contempt proceedings are authorized by the statute, as it provides that the payment and acceptance of such a fine (referring to a fine in contempt proceedings) constitute a bar to an action by the aggrieved party to recover damages for loss or injury. Unless there had been a right of action to recover damages for loss or injury, which might also be the subject of proceedings for contempt, this provision would have been entirely nugatory, and is, therefore, an express recognition of the fact that the provision for proceedings for contempt was not intended to be in any way a substitute for the right to proceed by action, but

was intended to be a concurrent remedy." To the same effect are *Matter of Morris* (45 Hun, 167) and *Hoefler* v. *Hoefler* (*supra*). (See, also, *Doncourt* v. *Doncourt*, 245 App. Div. 91, 92; affd., 275 N. Y. 470.)

The order adjudging appellant in contempt of court should be modified by reducing the fine to the sum of $5,606.89 for the contempt and as so modified affirmed, without costs; and the order directing that the fine be docketed as a judgment should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion denied, and the judgment entered thereon should be vacated. The appeal from the order which denies the motion to vacate the order docketing the judgment should be dismissed.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.

On first appeal: O'MALLEY and CALLAHAN, JJ., concur; MARTIN, P. J., and TOWNLEY, J., concur in result, but disagree with the statement that under section 924 of the Civil Practice Act treble damages may be recovered only by action and that payment may not be enforced as a part of the penalty in the contempt proceeding.

On second and third appeals: All concur.

On first appeal: Order unanimously modified by reducing the fine to the sum of $5,606.89 for the contempt, and as so modified affirmed, without costs. Settle order on notice.

On second and third appeals: Order entered February 1, 1940, unanimously reversed, with twenty dollars costs and disbursements, and motion denied, and the judgment entered pursuant to said order entered February 1, 1940, vacated. Appeal from order entered March 29, 1940, unanimously dismissed.