In the Matter of THOMAS W. H. JEACOCK, as Commissioner of Social Welfare of the County of Erie, Appellant. PASQUALE IAMMARINO et al., Respondents.— Orders reversed on the law and facts, with ten dollars costs and disbursements, and a new hearing granted as to each respondent. Memorandum: The record before us shows no rational basis for the orders denying the applications to punish the respondents for contempt in failing to comply with the order of the Supreme Court directing them to contribute to the support of their indigent parents. If they were unable to comply with the order, they should have moved to vacate or modify it. (*Geller* v. *Flamount Realty Corp.*, 260 N. Y. 346, 351.) Orders of the Supreme Court must be implicitly obeyed. Orderly jurisprudence " forbids that litigants should be permitted, under plea of hardship or injustice, real or pretended, to nullify or set at nought orders or decrees, however improvidently made, even if it may seem certain that the court acted in granting them

under misapprehension or mistake. [And cases cited.] " (*Ketchum* v. *Edwards*, 153 N. Y. 534, 539.) The appellant requested the court, in case of reversal, to remit the proceedings to Special Term for new hearings. While the proof before the Special Term would have justified the court in adjudging the respondents in contempt, we deem it wise to comply with the request of the appellant. The orders should be reversed and the matters remitted to any Special Term in Erie County for new hearings. All concur. (The orders adjudge the respondents not to be in contempt of court and dismiss the proceeding as to each of them.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.