■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v. STEPHEN BASS, Respondent, et al., Defendants. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Intervenor-Appellant.— Order, entered on January 14, 1964, unanimously reversed, on the law and on the facts, and in the exercise of discretion, with $20 costs and disbursements to appellant, and motion by appellant for leave to intervene in this action granted, with $10 costs. (See *United Serv. Auto. Assn.* v. *Graham,* 21 A D 2d 657.) Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.

■ ELIZABETH LEVINE et al., Plaintiffs, v. 97 REALTY CORP. et al., Defendants. SIGMUND GOLDSTEIN, Respondent, v. RACHEL SILVERSTEIN et al., Appellants.— Order, entered on October 4, 1963, unanimously modified, on the law, by reducing the fine as to appellants from $200 each to $100 each, with a provision that payment shall be made within 10 days after service of a certified copy of the order entered herein. As so modified, the order is otherwise affirmed, without costs to either party. The record amply supports the court's determination Coronet Undergarment Company was a party to the proceedings in which a receiver was appointed. Appellants, individually, were made fully aware of the powers and duties of the receiver as set forth in the order. They not only refused to co-operate but actively sought to obstruct the receiver in the performance of his duties, and willfully disobeyed the order of the court. Since a civil contempt was involved, and no proof of damage was submitted, the court was without jurisdiction to impose a fine of over $250 against appellants, jointly and severally. (*Geller* v. *Flamount Realty Corp.,* 260 N. Y. 346, 351.) The fines of $200 each, imposed by the order appealed from, must therefore be reduced to come within the statutory limitation of section 773 of the Judiciary Law. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.