■ DIANE TOBIN-ALIPERTI, Respondent, v JOSEPH PORTO, Appellant, et al., Defendant. [801 NYS2d 745]—

In an action for a judgment declaring that the plaintiff has an easement over a parcel of property owned by the defendants, the defendant Joseph Porto appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated January 15, 2004, as, after a hearing, and upon a finding, inter alia, that he was not in contempt of a judgment of the same court entered September 15, 1997, denied the plaintiff's motion to hold him in contempt but directed him to pay the plaintiff the sum of $2,500.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and so much of the order as directed the defendant Joseph Porto to pay the plaintiff the sum of $2,500 is vacated.

A court is not authorized to impose a fine for civil contempt on a party unless it finds that party in contempt (*see* Judiciary Law § 753). In that event the fine is limited to $250 in the absence of proof of damages (*see* Judiciary Law § 773; *Geller v Flamount Realty Corp.,* 260 NY 346, 351 [1932]).

In this case, the Supreme Court expressly found that the

plaintiff failed to meet her burden of proving that the appellant willfully violated the judgment entered September 15, 1997. The Supreme Court, therefore, erred in directing the appellant to pay $2,500 to the plaintiff. Florio, J.P., Crane, Fisher and Dillon, JJ., concur.