■ L&R Exploration Venture et al., Respondents, v Jack J. Grynberg, Appellant. [934 NYS2d 707]—

Supreme Court providently exercised its discretion in finding respondent in contempt based upon his wife's commencement of an action in Wyoming asserting the same claims that were stayed in this special proceeding in favor of arbitration (*L&R Exploration Venture v Grynberg*, 22 AD3d 221 [2005], *lv denied* 6 NY3d 749 [2005]). Petitioners did not waive their right to seek contempt by moving to dismiss the Wyoming action based on the res judicata effect of the arbitration award. Seeking dismissal in the Wyoming court, rather than seeking another injunction in New York, was the most expeditious way to protect petitioners' rights and achieve a result consistent with the parties' original intent to arbitrate under their 1960 agreement. Because the arbitration already had been conducted, there is no merit to respondent's contention that petitioners were not prejudiced by having to litigate in Wyoming because it cost no more than arbitration. Although petitioners' attorneys' fees in Wyoming were not recoverable as expenses in the absence of actual loss under Judiciary Law § 773 (*see Riedel Glass Works,*

*Inc. v Kurtz & Co., Inc.*, 260 App Div 163, 166 [1940], *affd* 287 NY 636 [1941]), we find that they constituted actual loss as a result of the contempt and were properly awarded for that reason. We further find that petitioners are entitled to costs and expenses in responding to this appeal (*see Bell v White*, 77 AD3d 1241, 1245 [2010], *lv dismissed* 16 NY3d 888 [2011]).

We have considered respondent's other contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Sweeny and Román, JJ. **[Prior Case History: 31 Misc 3d 1219(A), 2011 NY Slip Op 50732(U).]**